Nott, J.
delivered the opinion of the Court.
It is not so difficult to ascertain what the powers and duties of the coroner are, as to ascertain whether the state of things existed which authorized him to exercise them on this occasion. His office, says Blackstone, is either judicial or ministerial, but *265 principally judicial, 1 Bl. Com. 348. The ministerial office of coroner is only as the sheriff’s substitute; for when just excep-tiori can be taken to the sheriff, for suspicion of partiality, as that he is interested in the suit, or of kindred to either plaintiff or defendant, the process must be awarded to the coroner, instead of the sheriff. Ib. 349. But he cannot serve a process where there is no sheriff; or where the sheriff is,dead. 6. Vin. Abr. 254, Tit. Coroner, H'. Dalton’s Sheriff, 98. Indeed, it is admitted, that if there was no sheriff in office at the time, the coroner could not act: so that the question now is, whether there was any sheriff in office, at the time this process wag served. .
vide, Consti-tut*011„0Í' see. 28.
vide Act of 1795,2 Faust, 8. and Acts of 1808, p.46.
vide Acts of 1822, p. 37.38. and Acts of Dec. 1827. gjp®'
The Constitution of 1790, after providing in what manner certain officers shall be elected, proceeds in art. 6. sec. 2. to declare, that “all other officers shall be appointed as they hitherto have been, until otherwise directed by law, but sheriffs shall hold their offices for four years, and not be again eligible for four years after the term for which they shall 'have been elected.” It does not however mention at what time the office shall commence ; but only that it shall continue for four years. It must be therefore, from the time that the sheriff entered upon the duties of his office, which was a matter to be regulated by the Legislature.
At that period sheriffs were elected by the Legislature ; but since then the mode of election has been altered from time to time, and several legislative provisions have been passed on the subject, to which it is not necessary to refer. But among others, he is required to enter into a bond for the faithful discharge of his duty, within a limited time; and he is not intitled to re- , ceive his commission, nor to enter upon the duties of his office until the provisions of that act are complied with. Then comes the act of 1822, which declares, that every sheriff, elected pursuant to the provisions of that act, shall continue in office for four 1 years from the day on which he shall enter upon the duties of his office; &c. As further evidence of the time when his office shall commence, it is provided in the preceding clause of the act of-1822 that whenever any vacancy shall occur, &c. it shall be the duty of the clerk, to take charge of the gaol, the prisoners therein, and all the papers which may be in the sheriff’s *266 office, until a sheriff shall be elected and commissioned for such district.
It appears therefore, that the sheriff is not authorized to enter upon the duties of his office, until he has performed all the prerequisites, and obtained his commission. And the act expressly declares that he shall hold his commission for four years from the time he enters upon the duties of his office. I am of opinion therefore, that there was no sheriff in office at the time this . process was served, and that the coroner acted without authority. The decision of the Court below must, therefore, be reversed. I regret that I have been bound to come to such a conclusion ; for it must frequently happen, that intervals will occur when there will be no sheriff in office, and when the business of the country must be at a stand, unless the Legislature shall make some provision on the subject. This motion must, however, be granted.
Rule discharged.